# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JAUAN MONTEZ WELCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01738-JMB |
| ) | |
| RICHARD ADAMS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented Plaintiff Jauan Montez Welch to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $1.00. Additionally, for the following reasons, the Court will order Plaintiff to file an amended complaint within 30 days of the date of this Order.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has not submitted his inmate account statement from the Missouri Department of Corrections. In his application, he states that he is not employed by the prison and he last received income in August, 2023, at an hourly rate of $16.50. Based on this information, the Court will

assess an initial partial filing fee of $1.00, which is reasonable given the information available to the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights during an assault and cell transfer at the Eastern Reception Diagnostic and Correctional Center (ERDCC).  Named as Defendants are the following officers at ERDCC:  Richard Adams, Warden; Sargent Dahmm, Correctional Officer (CO); Sargent Lashley, CO; Unknown Hadley, CO; Unknown Jennings, Case Worker; and five Unknown COs.  Plaintiff sues Defendants in both their individual and official capacities.

Plaintiff states that on November 26, 2024, two COs conducted a security count.  When they arrived at Plaintiff's cell, they asked his name and inmate number.  Plaintiff states that these COs did not ask any other inmates their names and inmate numbers, and he attributes this to racial discrimination.  Next, the officers directed Plaintiff to cuff up.  The officers then rushed into Plaintiff's cell and assaulted him.  During the assault, the COs referred to Plaintiff using racial slurs.

After the assault, Plaintiff alleges he was removed from his cell and placed on a restraint bench for several hours, and was denied food and medical attention.  Later, Plaintiff was transported to D-wing where Sergeant Dahmm came to escort him to a new cell.  Plaintiff soon realized his proposed new cellmate was on his enemies list.  He complained to Sargent Dahmm, but Dahmm said, "Shut the f*** up this is my house. I do what I want to do. Stop being a little b*****, you're going in there anyways."  (Doc. 1 at 5).  Dahmm did not place Plaintiff in the cell, however, he placed him back on the restraint bench for several hours.

Plaintiff states that while he was restrained on the bench, the officers maced his new cellmate and transferred him to suicide watch.  Then they moved Plaintiff into the cell.  Early the next day, his cellmate was brought back to the cell and placed with Plaintiff.

On December 3, 2024, CO Cap and an unknown officer conducted a security count. When they arrived at Plaintiff's cell, Plaintiff yelled for help because he was being held hostage by his cellmate. His cellmate had threatened to hit him with a foreign object if his case worker did not cede to his demands. The COs removed Plaintiff from the cell and placed him on a restraint bench in A-wing where he sat for seven hours without food or medical attention. Later that night, he was transported to a cell in the C-wing, where he spent the night on the floor without a mat or blanket. When breakfast was served, Plaintiff asked CO Hadley for C.I.T. and his request was denied.[1] Plaintiff asked for C.I.T. again when Sargent Lashley brought lunch, and he was again denied. Plaintiff states he was also denied the grievance process by Case Worker Jennings.

For relief, Plaintiff seeks a declaration that his rights were violated and an apology from Defendants Dahmm, Adams, Hadley, and Jennings. He also seeks $150,000 in damages from each Defendant.

**Discussion**

*(1)   Excessive Force Claims*

Plaintiff alleges he was assaulted by two unknown COs during a security count on November 26, 2024 in violation of his rights under the Eighth Amendment. The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992).

Plaintiff alleges that the two officers conducting the security count directed him to cuff up in his cell. After Plaintiff was cuffed, he states that the COs "rushed in and physically assaulted [me], and while on my cell floor I was called racial slurs." (Doc. 1 at 5). Based on these few facts, on initial review, the Court finds Plaintiff has not alleged a plausible claim for excessive use of

---

[1] Plaintiff has not defined C.I.T., but the Court will assume he is referring to a Crisis Intervention Team, which is a team of officers trained to assist an inmate experiencing a mental health crisis.

force. Not every "malevolent touch by a prison guard" involves excessive force. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 929 F.2d 1014, 1015 (1990)). The "core judicial inquiry" involves determining whether the force was used in good faith and to restore discipline or maliciously and sadistically to cause harm. *Id.* This inquiry requires a Plaintiff to allege some facts regarding the amount of force used, the extent of any injuries, and contextual information surrounding the use of force. *See id.*

Although Plaintiff alleges the officers assaulted him, he has not alleged the amount of force used. Nor has he alleged the extent of any injuries he suffered, other than that he was limping immediately following the assault. Also, the Court has very little contextual information regarding the assault, other than that it occurred during a security count. It is unclear why the officers ordered Plaintiff to cuff up and entered his cell during the security count. The Court cannot make any determination regarding whether the assault was carried out "maliciously and sadistically" or as part of a "good-faith effort to maintain or restore discipline" based on Plaintiff's bare allegation that he was assaulted. *Wilkins*, 559 U.S. at 40.

Plaintiff's excessive force claims are subject to dismissal because he has failed to state a plausible claim for excessive force. Because Plaintiff has made serious allegations, however, the Court will allow him to amend his complaint in accordance with the instructions set forth below.

*(2)     Failure to Protect Claims*

Plaintiff's failure to protect claims are also deficient. He alleges Defendants failed to protect him when they placed him in a cell with his known enemy on November 27, 2024. Plaintiff has not specified which of the many Defendants was responsible for this alleged harm.

Liability in a 42 U.S.C. § 1983 case is personal. In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Liability under § 1983 "requires a causal link to, and direct responsibility for, the

deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006); *see also Love v. Schoffman*, 142 Fed. App'x 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint "did not specify which of the many named defendants was responsible for each of the alleged harms"). To state a plausible failure to protect claim, Plaintiff must allege facts connecting a defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Additionally, Plaintiff has not alleged any physical injury arising out of this event. The Prison Litigation Reform Act mandates that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e).

Plaintiff's failure to protect claim is subject to dismissal because Plaintiff has not alleged which Defendant was involved and has not alleged any physical injury. Again, because Plaintiff has made serious allegations, the Court will allow him to amend his complaint in accordance with the instructions below.

### Instructions for Amended Complaint

Because Plaintiff is proceeding as a self-represented litigant, he will be allowed to amend his complaint. Plaintiff should use the Court's form prisoner civil rights complaint, which the Court will provide. *See* E.D. Mo. L.R. 2.06(A). In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff is required to allege facts demonstrating the personal responsibility of each Defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim"

requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). That is, if Plaintiff is alleging an excessive use of force, for example, he must allege more than the bare assertion that two COs assaulted him. He should allege the amount of force used, the extent of any injuries he suffered, and contextual information surrounding the use of force.

If Plaintiff is suing multiple Defendants, it is important that he establish the responsibility of each separate Defendant for harming him. That is, for each Defendant, Plaintiff must allege facts showing how that particular Defendant's acts or omissions violated his constitutional rights. Plaintiff needs to provide the role of each named Defendant in this case, in order that each specific Defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a Defendant will result in the dismissal of that Defendant. If Plaintiff fails to file an amended complaint on a Court-provided form within 30 days in accordance with these instructions, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

### Motion to Appoint Counsel

Finally, plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous

claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may consider future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff the Court's form prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that within 30 days of the date of this Order, Plaintiff shall file an amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint in accordance with these instructions, his case will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 2) is **DENIED** without prejudice.

Dated this 2nd day of July, 2025.

                                                  */s/ John M. Bodenhausen*
                                                  JOHN M. BODENHAUSEN
                                                  UNITED STATES MAGISTRATE JUDGE